### SANTOZ MENDIAS v. THE STATE.

No. 3538.    Decided May 22, 1907.

**1.—Theft of Horse—Indictment—Variance.**

Where in a prosecution of the theft of a horse, the indictment charged in one place the name of the alleged owner to be Anastacio Gonzales, and in another portion the "N" in the first name resembled somewhat the letter "U," there was no variance.

**2.—Same—Ability to Understand the English Language—Question of Fact.**

Where upon trial for the theft of a horse there was a question with reference to the purported confession whether defendant could speak and understand the English language, and there was evidence sufficient to show that he did understand what he was saying and what was said to him, and the court submitted this issue to the jury, there was no error.

**3.—Same—Bills of Exception—Statement of Fact.**

Where upon appeal the bills of exception are contained in the statement of facts of question and answers taken, and were not in such condition to make them patent to the court, they will not be considered.

Appeal from the District Court of Coleman. Tried below before the Hon. John W. Goodwin.

Appeal from a conviction of the theft of a horse; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

P. A. McDaniels, for appellant.

F. J. McCord, Assistant Attorney-General, for the State.—On question of variance: Walker v. State, 13 Texas Crim. App., 618; Milontree v. State, 30 Texas Crim. App., 157; Cline v. State, 34 Texas Crim. Rep., 415.

DAVIDSON, Presiding Judge.—Appellant was convicted of horse theft. There was a contention on the trial that a variance existed between the allegation in the indictment, and the evidence introduced in support of the allegation. The name of the alleged owner was Anastacio Gonzales. The supposed variance is alleged to have occurred in the way Anastacio is spelled, it being claimed that it was Auastacio instead of Anastacio. The original indictment, or what purports to be that document, is sent up with the record. It is not verified as such by the clerk and, therefore, it cannot be considered. The indictment as copied in the transcript shows the name to have been Anastacio, but if we were authorized to look to the paper sent up with the transcript as the original indictment, we are of opinion there would be no merit in the contention. In one place in said original indictment the name is written very plainly Anastacio; in two other places where it occurs the "N" is made so that it somewhat resembles the letter "U." We think the criticism is rather hypercritical.

In a general way, exception was reserved to the admission of appellant's confession. Much testimony was introduced in regard to the ground of objection, to wit: want of ability on the part of appellant to understand the English language in connection with the purported confession. · It was agreed by all the witnesses that appellant understood, to some extent, and could partially speak the English language. Some of the witnesses went farther and testified that appellant did understand the English language sufficiently to comprehend what he was saying, and what was said to him at the time of the confession. In other words, some of the witnesses make it sufficiently clear that his knowledge of the English language was of such character that the confession was properly admitted, while those testifying in his behalf stated that while he understood the English language, in a certain sense, he did not understand it sufficiently to comprehend the conversation had between himself and the officers. The court submitted this issue to the jury for their decision, and there was evidence sufficient to show that he did understand what he was saying and what was said to him.

Appellant undertakes to raise other questions to the introduction of testimony, but there· are no separate bills of exception in regard to these matters, and those sought to be reserved in the statement of facts are of such nature that we do not believe they ought to be considered. This court has, on more than one occasion, called attention to the loose manner often indulged in reserving bills of exception in statement of facts where the questions and answers are taken, and which requires us to look through many pages for a great deal of testimony in order to ascertain what was intended by the bill of exceptions and to supply those things that should be made patent to the court for its decision. Those attempted bills of exception in the statement of facts in this case we do not undertake to discuss. As the record is presented to us

we are of opinion there is no error of sufficient importance to require a reversal of the judgment, and it is, therefore, affirmed.

Affirmed.

Brooks, Judge, absent.